# United States District Court
**EASTERN DISTRICT OF TENNESSEE**

**UNITED STATES OF AMERICA**
    v.

  LESTER JUNIOR VAUGHN
    *Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 3:02-CR-157
(PHILLIPS/GUYTON)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on February 25, 2010. The Court concludes that the following facts require the detention of the defendant pending the revocation hearing in this case.

## Part I - Findings of Fact

[ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    [ ] an offense for which the maximum sentence is life imprisonment or death.
    [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in [Part I applicable statute][1]
    [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

[ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

[ ] (1) There is probable cause to believe that the defendant has committed an offense
    [ ] for which a maximum term of imprisonment of ten years or more is prescribed.
    [ ] under 18 U.S.C. § 924(c).
[ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

[ ] (1) There is a serious risk that the defendant will not appear.
[ X ] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II - Written Statement of Reasons for Detention

The defendant was on supervised release at the time of the alleged violations. In order to gain pre-adjudication release, therefore, the defendant must show that he should be released by the higher standard of clear and convincing evidence. United States v. Loya, 23 F.3d 1529 (9th Cir. 1994); The Bail Reform Act of 1984 (3rd Ed), Federal Judicial Center, (2006).

The defendant is accused of driving while intoxicated on alcohol and of using cocaine. The weight of the evidence of his guilt is heavy. He admitted to drunk driving (.29 BAC), and to using cocaine on February 20, 2010. The charged offenses are inherently dangerous. United States v. Hernandez, 2002 WL 1377911 (E.D. TN. Edgar). The personal history and characteristics of the defendant reflect a person who has, admittedly, a "large alcohol problem." The Court finds that the defendant will continue to be a danger to the community, unless he remains incarcerated.

The evidence and other information provided at the hearing established by clear and convincing evidence that the defendant poses a serious risk of danger to another person or the community. Accordingly, no condition or combination of conditions will reasonably assure the safety of individuals or the community, if the defendant were to be released on bond. Therefore, the defendant shall be detained pending his revocation hearing.

---

[1] Insert as applicable: (i) Controlled Substances Act (21 U.S.C. sec. 801 *et seq.*); (ii) Controlled Substances Import and Export Act (21 U.S.C. sec. 951 *et seq.*); or (iii) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. sec. 955a).

**Part III - Directions Regarding Detention**

      The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 26, 2010                                                                        s/ H. Bruce Guyton
                                                                                            United States Magistrate Judge